Supreme Court, Queens Special Term, March, 1900. Unreported.

PEOPLE ex rel. JOSEPH FALLERT BREWING COMPANY, Ltd. *v.*
HENRY H. LYMAN.

*Guggenheimer, Untermyer & Marshall,* for relator.

*William E. Schenck,* for respondent.

GARRETTSON, J.: Respondent's preliminary objection should be overruled. The surrender receipt issued by the county treasurer, a copy of which is attached to the petition is in conformity with section 25 of the Liquor Tax Law.

Compliance by the holders of the certificate with the conditions prerequisite to the issuance of such receipt, may be presumed. It must also be presumed that the county treasurer issued the certificate only after such compliance.

Applying the rule that a denial upon information and belief raises no issue of fact upon an application for a peremptory writ of mandamus, the relator has presented a case which entitles him to the writ unless it shall be held as a matter of law, that under his admission of the arrest of Esther Samuels, one of the holders of the certificate, for an alleged violation of the Liquor Tax Law, within thirty days after the surrender of the certificate, her discharge from such arrest by the city magistrate court is not a dismissal of such proceeding against her, "on the merits." So far as the record shows, Esther Samuels is not now under arrest, or held to answer for a violation of the law, and her discharge was made for the reason, as stated in the certificate of the clerk of said court, attached to the petition in this matter, that "there was not sufficient evidence to hold defendant." In other words, it was determined by the magistrate upon the examination that from the evidence adduced before him, there was not reasonable, or

probable cause to believe that she had committed the offence with which she had been charged, and for which she had been arrested. Ordinarily this would be the final disposition of a complaint for the commission of a crime. If the People had sought to further prosecute, a new proceeding should have been instituted upon additional evidence, which course has not been pursued. If she had not been exonerated, there is no way open to her in criminal procedure, by which she can seek and compel a more meritorious disposition of the charge made against her.

In my opinion the charge was dismissed "on the merits" within the meaning of the section above cited. There is nothing in the affidavits of John C. McDonough and Robert G. Woods, attached to respondent's answer, which can operate to defeat this application.

It is fairly to be inferred, that for the alleged violation of the law therein set forth, Esther Samuels was arrested and the proceedings before the magistrate were had. The statute speaks of an arrest or an indictment, not of a complaint by a special agent to the state commissioner or the district attorney. These affidavits set forth an alleged violation of the law on September 2d, 1899, and notice thereof to the district attorney on September 9th.

The arrest upon the magistrate's warrant was made on September 26th.

The motion for a peremptory writ of mandamus as prayed for is granted with $25 costs.